WEST INDIA MACHINERY & SUPPLY COMPANY, Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 6237. Argued January 26, 1934.—Decided January 31, 1934.

*R. Díaz Collazo* for appellant. *B. Horton, Attorney General,* and *M. Rodríguez Serra, Assistant Attorney General,* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

The West India Machinery & Supply Company brought this action to recover certain taxes paid under protest on a number of tractors used for agricultural purposes. Defendant demurred for want of facts sufficient to constitute a cause of action. A district judge sustained the demurrer and dismissed the action. The theory of the complaint as well as plaintiff's main contention in the district court was that tractors intended and used for agricultural purposes are exempt from taxation under the provisions of subdivision 8 of section 16 of the Internal Revenue Law as amended in 1931 (Session Laws pp. 506, 508), by the terms of subdivision 6 of the same section. Appellant, however, seems to have abandoned this untenable position and is now content to argue that the Treasurer could not in any event demand more than ten per cent of the selling price. The law imposes:

"On every motor vehicle, including . . . tractors, . . . sold, transferred, manufactured or used in, or introduced into Porto Rico, a tax ·of ten (10) per cent on the selling price in Porto Rico; *Provided,* That on the sale, transfer, manufacture, or use in or introduction into Porto Rico, of motor vehicles or motor launches or boats as described in this section, the selling price of which in Porto Rico exceeds $1,500 and does not exceed $2,000, the tax shall be 12½ per cent on the selling price, and on the sale, transfer, manufacture or use in or introduction into Porto Rico, of motor vehicles, automobiles and trucks, as described in this section, the selling price of which in Porto .Rico exceeds $2,000, . . . the tax shall be fifteen (15) per cent on the selling price, . . ."

The mere fact that tractors are not mentioned *eo nomine* ·in either clause of the proviso is not enough to establish the exemption of farm tractors from the increase over and above

ten per cent on motor vehicles, the selling price of which exceeds $1,500. There is no apparent reason why tractors, the selling price of which exceeds $1,500, should be exempted from the increased rate applicable to other motor vehicles, the selling price of which is likewise over $1,500. Tractors are necessarily included in the term "motor vehicles . . . as described in this section," because they are specifically so included by the first clause of subdivision 8 (which we have just quoted in part) immediately preceding the proviso in question. Nowhere else in section 16 are motor vehicles "described" or defined so as to exclude tractors.

The judgment appealed from must be affirmed.